UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE AMERICAN INSURANCE
COMPANY a/s/o The Woman's Christian
Association Hospital,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**


                                                    10CV834A

               v.
                                                    **Report
                                                    &
                                                    Recommendation**


CITY OF JAMESTOWN,

                              Defendant.

_____

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 7).  The instant matter before the Court is defendant City of Jamestown's

(hereinafter the "City") motion for summary judgment (Docket No. 24[1]).  Responses were due by

February 17, 2012, with any reply due by March 2, 2012, and the motion was argued on March 7,

2012 (Docket No. 25; see Docket No. 30).

_____

       [1]In support of its motion, defendant City submits its Statement of Undisputed Facts, its
Memorandum of Law, the Affidavit of the Corporation Counsel with exhibits, Docket No. 24; a
corrected Statement, Docket No. 26; and its Reply Memorandum, Docket No. 29.  In opposition,
plaintiff submits its Response to defendant's Statement, with exhibits, Memorandum of Law,
Docket No. 28; cf. Docket No. 27 (earlier attempted filing of these responding papers).

**BACKGROUND**

This is a diversity action arising from property damage from a flood of Woman's Christian Association Hospital (hereinafter the "Hospital" or "WCA Hospital") in Jamestown, New York. Plaintiff is the insurer and subrogee of the Hospital. The City owns and maintains a storm water drainage system including a culvert in the area of West Virginia Boulevard at the Camp Street intersection, approximately 1,500 feet from the Hospital (Docket No. 26, Def. Statement ¶ 2). A rainstorm occurred on August 9, 2009 (id. ¶ 3). The City contends that a heavy amount of rain fell that day over a short period of time. The Federal Emergency Management Agency ("FEMA") and the New York State Emergency Management Office ("NYSEMO") each awarded disaster relief to the City for disaster relief arising from this storm. (Id.) Plaintiff claims, however, that less than two inches of rain fell during that afternoon, arguing that the flooding was caused by the clogging of a City-owned and maintained culvert (Docket No. 28, Pl. Responding Statement ¶¶ 3, 4, Ex. A (plaintiff's forensic engineer's report)). The City claims that its storm sewer could handle a five to ten-year storm event and that the amount of rain that fell on August 9, 2009, exceeded the capacity of the sewer system, resulting in city-wide flooding (Docket No. 26, Def. Statement ¶ 4; but cf. Docket No. 28, Pl. Responding Statement ¶ 4). The City denies receiving prior written notice about any problem or blockage in its storm sewer system (Docket No. 26, Def. Statement ¶ 5); plaintiff does not admit or deny providing any prior written notice but claims that the City had actual knowledge of the risk of flooding to the Hospital and that the culvert was susceptible to clogging with organic debris, and that the City created the hazard complained of herein (Docket No. 28 Pl. Responding Statement

¶ 5).  The City contends that it had no record of this culvert clogging prior to August 9, 2009 (Docket No. 26, Def. Statement ¶ 6).

The Hospital is located at the bottom of a drainage area (id. ¶ 7).  The City claims that the significant rainfall on August 9, 2009, dislodged tree limbs, trunks, and other debris resulting in the blockage of the culvert (id. ¶ 8), but plaintiff disputes that blockage by the organic debris was the sole cause of the flooding (cf. Docket No. 28, Pl. Responding Statement ¶ 8).  Finally, the parties disagree as to the cause of the flooding; the City argues that the excessive and extraordinary amount of rain was the cause (Docket No. 26, Def. Statement ¶ 9) while plaintiff claims that the flooding occurred in part, by the rain, but also by the City's negligent maintenance of the drainage system (Docket No. 28, Pl. Responding Statement ¶ 9).

The Complaint (Docket No. 1) alleges that an after incident notice of claim was filed (id. ¶ 11) but no prior written notice of the defects in the drainage system was alleged.

The City answered (Docket No. 5), asserting (pertinent to this motion) in a Fourth Objection in Point of Law/Affirmative Defense that "the City of Jamestown did not receive any prior written notice of a defective, unsafe, dangerous or obstructed condition with regard to any culvert in the area of WCA Hospital in the manner and form prescribed by law in accordance with New York State General Municipal Law § 50-e" (Docket No. 5, Ans. ¶ 9).

The City now moves for summary judgment, arguing that the City cannot be held liable for the damages arising from the extraordinary storm event, that there was no evidence presented of its affirmative breach of duty or its active negligence that caused the flood (Docket No. 24, Def. Memo. at 4-5, 5-6).  Noting the absence of prior written notice of any defect or obstructions in the drainage system, the City asserts the condition precedent of prior written notice precludes

this action (<u>id.</u> at 7-8).  Finally, the City claims that it had no duty to provide a drainage system at all (<u>id.</u> at 9-10).  Plaintiff responds that the rainfall on August 9, 2009, was not excessive or extraordinary, only 1" to 2", to absolve the City of liability (Docket No. 27, Pl. Memo. at 6-11), with the City's evidence of a greater rainfall amount based upon inadmissible hearsay (<u>id.</u> at 7-8).  Plaintiff alternatively concludes that the best the City has is a material issue of fact as to the amount of rainfall (<u>id.</u> at 8).  Plaintiff next argues that the City had a duty to maintain a drainage system and was negligent in maintaining it, being on actual notice of organic debris left in the system prior to the flood (<u>id.</u> at 16-17, 11-13, 4-5).  Plaintiff contends that the City waived its arguments of prior written notice under the Jamestown City Charter since that provision was not asserted in the Answer (<u>id.</u> at 13-16).

In reply, the City asserts that plaintiff has not produced evidence to show any material issues of fact exist, noting that the expert report plaintiff relies upon is incomplete and inaccurate and relies upon the findings of a disaster by FEMA and NYSEMO (Docket No. 29, Def. Reply Memo. at 2-3).

**DISCUSSION**

I.      Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  <u>Ford v. Reynolds</u>, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010).  The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.  In determining whether a genuine issue of material fact exists, a

4

court must examine the evidence in the light most favorable to, and draw all inferences in favor

of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine

'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' "

Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson

v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the

moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought,

however, "must do more than simply show that there is some metaphysical doubt as to the

material facts. . . . [T]he nonmoving party must come forward with specific facts showing that

there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc.,

283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir.

2002). The opponent to summary judgment may argue that he cannot respond to the motion

where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to

justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a

separate, short, and concise" statement of material facts, and if movant fails to submit such a

statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2)

(effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id.

R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is

contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph

in the movant's statement will be deemed admitted unless specifically controverted by a

correspondingly numbered paragraph in the opponent's statement, id.

II.     Prior Written Notice and Its Assertion as a Defense

This Court first addresses the City's argument that there was no prior written notice of

any defect and plaintiff's countering argument that the City failed to assert this affirmative

defense in its Answer and thus waived it.

A.     Notice of Claim

In this Court a state notice of claim statute applies to state law claims, Hardy v. New

York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d Cir. 1999); see Felder v. Casey,

487 U.S. 131, 151 (1988).  One condition precedent for suing municipalities or its officers and

employees for state law claims is filing a notice of claim, see Chesney v. Valley Stream Union

Free Sch. Dist., No. 05 Civ. 5106, 2006 U.S. Dist. LEXIS 68137, at *26 (E.D.N.Y. Sept. 22,

2006).  New York General Municipal Law § 50-e(1) provides that

> "(a) In any case founded upon tort where a notice of claim is required by law as a
> condition precedent to the commencement of an action or special proceeding
> against a public corporation, as defined in the general construction law, or any
> officer, appointee or employee thereof, the notice of claim shall comply with and
> be served in accordance with the provisions of this section within ninety days after
> the claim arises; except that in wrongful death actions, the ninety days shall run
> from the appointment of a representative of the decedent's estate."

A second condition precedent in certain situations is the filing of prior written notice of the

defect, N.Y. Gen. Mun. Law § 50-e(4).  The City relies upon its Charter provision calling for

such notice, City of Jamestown, N.Y., Charter § C-68 (Docket No. 24, Def. Memo. at 7; Ex. H),

with the state statutory basis for that provision arising from General Municipal Law § 50-e(4)

(Docket No. 29, Def. Reply Memo. at 7).

6

Prior written notice statutes for municipalities under New York State law "represent 'an effort to exempt . . . villages from liability for holes and breaks of a kind which do not immediately come to the attention of the village officers unless they are given actual notice thereof,'" San Marco v. Village/Town of Mount Kisco, 16 N.Y.3d 111, 117, 919 N.Y.S.2d 459, 461 (2010) (quoting Doremus v. Incorporated Village fo Lynbrook, 18 N.Y.2d 362, 366, 275 N.Y.S.2d 505, 507 (1966)).

Plaintiff contends that the Answer only asserts failure to provide notice under the General Municipal Law and did not assert failure to comply with the Jamestown City Charter, hence waiving any defense under the Charter provision (Docket No. 27, Pl. Memo. at 13-16). The City replies that General Municipal Law § 50-e(4) is the statutory basis for the Charter provision, which requires prior notice of "the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, . . . , where such notice is now, or hereafter may be, required by law, as a condition precedent to liability for damages . . . ," N.Y. Gen. Mun. Law § 50-e(4) (Docket No. 29, Def. Reply Memo. at 7). Since the Answer asserts an absence of prior written notice under General Municipal Law § 50-e, plaintiff is on notice of the defense for Rule 8 purposes even if that pleading did not mention the specific Jamestown City Charter provision mandating prior written notice. The City claims that plaintiff was on notice that it intended to assert a no prior written notice defense from its Answer (id. at 7-8; Docket No. 5, Ans. ¶ 9).

General Municipal Law § 50-e(4) recognizes six specific locations (including culverts) that are exceptions from its requirement that no local law require other prior notice as a condition

precedent for suit against a city, see Walker v. Town of Hempstead, 84 N.Y.2d 360, 366-67, 618

N.Y.S.2d 758, 760 (1994).

      B.     Pleading Requirement

     Failure to plead an affirmative defense is a waiver of that defense (Docket No. 27, Pl.

Memo. at 13).  The enumeration of affirmative defenses in Rule 8(c) is not exhaustive, see Estate

of Paulette Hamilton v. City of N.Y., 627 F.3d 50, 57 (2d Cir. 2010).  But failure to plead an

affirmative defense is not fatal; this Court may "still entertain affirmative defenses at the

summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory

motive on the part of the defendant, futility, or undue delay of the proceedings," Saks v. Franklin

Covey Co., 316 F.3d 337, 350 (2d Cir. 2003); Estate of Hamilton, supra, 627 F.3d at 58.

     While Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative

defense," Rule 8(b) requires defenses to be asserted "in short and plain terms," Fed. R. Civ.

P. 8(b)(1)(A); see also id. R. 8(e) (pleadings to be construed "so as to do justice").  The question

is how much detail must the City allege here to assert its prior written notice defense.  "Although

Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must

give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests,"

Barnhart v. American Home Mortg. Servicing Inc., No. 2:11-cv-569-FtM-99SPC, 2012 U.S.

Dist. LEXIS 13351, at *6 (M.D. Fla. Feb. 3, 2012) (Chappell, Mag. J.); Hansen v. ABC Liquors,

Inc., No. 3:09-cv-966-J-34MCR, 2009 U.S. Dist. LEXIS 108954, at *3 (M.D. Fla. Nov. 9, 2009)

(Richardson, Mag. J.) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007)).

     In Ismail v. Cohen, 706 F. Supp. 243, 249 (S.D.N.Y. 1989), rev'd in part, aff'd in part,

899 F.2d 183 (2d Cir. 1990), plaintiff alleged that he made a timely notice of claim against

municipal defendants.  Those defendants only answered denying liability without expressly

denying plaintiff's notice of claim compliance.  Years later, the defendants moved to dismiss

arguing that plaintiff failed to comply with the notice of claim requirement, id. at 248-49.  The

district court held that this defense was "firmly rejected," id. at 249 because defendants failed to

deny plaintiff's allegation of compliance with the notice requirement and were thus deemed to

have admitted plaintiff's allegation, id.; see Fed. R. Civ. P. 8(d).  Defendants further

compounded this by conceding the issue in a later pretrial order, Ismail, supra, 706 F. Supp. at

249.

Unlike the defendants in Ismail, the City's Answer here gives plaintiff fair notice of the

prior written notice defense and its grounds under New York General Municipal Law § 50-e.

Plaintiff here alleged compliance with the after incident notice of claim requirement of § 50-e

(Docket No. 1, Compl. ¶¶ 11-12) but not the prior written notice requirement.  Although the

City's Answer does not cite to the City Charter, its defense is not that plaintiff failed some

technical requirement in the prior written notice requirement of Charter § C-68.  The City's

contention here is that no prior written notice at all was submitted prior to the flood.  Plaintiff's

arguments view the § 50-e requirements as a statute of limitations issue (see Docket No. 27, Pl.

Memo. at 15, citing Santos v. District Council, 619 F.2d 963, 967 n.5 (2d Cir. 1980); S. Lyme

Property Owners Ass'n v. Town of Old Lyme, 539 F. Supp.2d 547 (D. Conn. 2008)).  But the

prior written notice requirement is a condition distinct from the statute of limitations, although

the notice of claim (also under Gen. Mun. Law § 50-e) is linked with the statute of limitations

pertinent to claims against municipalities, see N.Y. Gen. Mun. Law § 50-i.

Both parties cite to the New York State Court of Appeals decision in <u>Amabile v. City of</u> <u>Buffalo</u>, 93 N.Y.2d 471, 693 N.Y.S.2d 77 (1999) (Docket No. 24, Def. Memo. at 7; Docket No. 29, Def. Reply Memo. at 8; Docket No. 27, Pl. Memo. at 15).   Plaintiff argues that, in order for the affirmative defense to provide notice to plaintiff, it needed to be specific to include the Charter provision now cited for prior written notice.   Defendant cites two cases in which the defendant municipalities invoked their local laws requiring prior written notice, <u>Amabile</u>, <u>supra</u>, 93 N.Y.2d at 473, 693 N.Y.S.2d at 78; <u>Myers v. City of Port Jervis</u>, 288 A.D.2d 278, 278, 733 N.Y.S.2d 207, 208 (2d Dep't 2001), while the third case cited a plaintiff who wrote a letter to the City of Schenectady informing that city of the potential hazard of a build up of mud and debris on city property adjoining plaintiff's property and seeking inspection by city officers, <u>Tel Oil Co.</u> <u>v. City of Schenectady</u>, 303 A.D.2d 868, 869, 757 N.Y.S.2d 121, 123 (3d Dep't 2003) (Docket No. 24, Def. Memo. at 7).

General Municipal Law § 50-e has two requirements, prior written notice of defect in certain physical locations (including culverts) as a condition precedent for suit and timely filing of a notice of claim after an incident.   Defendant asserted a defense of prior written notice under § 50-e.   Plaintiff has not asserted that federal pleadings require specific reference to local law provisions to meet the Rule 8(c) affirmative defense notice requirement.   Plaintiff is under fair notice of what the City's defense is and its grounds.   Unlike cases where an Answer contained no mention of an affirmative defense, plaintiff here had some notice that the City would assert that prior written notice of the defect was not made and was a condition precedent for this suit and that requirement arising under the General Municipal Law.

10

Alternatively, plaintiff argues that the exception to the prior written notice requirement applies here because the City created the hazard through an affirmative act of negligence by not preventing a known flooding threat (Docket No. 27, Pl. Memo. at 15-16).  The City, in reply, argues that plaintiff has not presented any evidence to substantiate this contention (Docket No. 29, Def. Reply Memo. at 8-9).  Plaintiff claims that the City failed to maintain the culvert, allowing organic debris to accumulate in the culvert (Docket No. 27, Pl. Memo. at 16).  The City argues that there had been no experience of clogging or obstruction of that culvert until the date of the rains of August 9, 2009 (Docket No. 29, Def. Reply Memo. at 9).  The affirmative negligence exception "addressed situations where a hazard was foreseeable, insofar as the municipality created it by, for example, digging an unmarked ditch in a road or neglecting to cover a street drain," San Marco, supra, 16 N.Y.3d at 117, 919 N.Y.S.2d at 461.

Here, while it may be foreseeable that a culvert will fill with organic debris if left unattended, the City did not experience any flooding as a result of not maintaining that culvert until the storm of August 9, 2009.  This is a **material issue of fact** whether the hazard of an unattended culvert was foreseeable when the City has had no experience of any problem with that culvert until the flood at issue here.  Therefore, the defendant City's motion for summary judgment (Docket No. 24) should be **denied**.

This Court next addresses the remaining contentions.

III.    City's Duty

The City argues in two separate points that it was not liable for the flooding.  First, the City claims that on August 9, 2009, there was excessive and extraordinary rainfall that the City's

11

storm sewer system could not handle.  Second, the City had no duty to provide drainage and, if it

had assumed that duty, there was no evidence of negligent breach of any such duty.

A.      Excessive Rainfall

Plaintiff introduces, within its expert's report, the rainfall for August 9, 2009, contending

that only 1 to 2" of rain fell that day (see Docket No. 27, Pl. Statement ¶ 3, Ex. A; Docket

No. 27, Pl. Memo. at 8-9).  Defendant argues that 7" fell, causing an excessive or extraordinary

rainfall in one day (Docket No. 24, Def. Memo. at 4; id., Def. Atty. Aff., Ex. A (FEMA Project

Worksheet).   As noted above, plaintiff objects to the City's reliance on the inadmissible hearsay

statement by FEMA in its motion for summary judgment (Docket No. 27, Pl. Memo. at 8), see

Fed. R. Civ. P. 56(c)(2).  While relying upon the disaster declarations of FEMA and NYSEMO

(Docket No. 29, Def. Reply Memo. at 3-4), the City does not argue how these documents are

admissible or challenge plaintiff's hearsay assertion.

Under Federal Rule of Evidence 802 (as amended Dec. 1, 2011), "hearsay is not

admissible unless any of the following provides otherwise: a federal statute; these rules; or other

rules prescribed by the Supreme Court."  One hearsay exception that may be pertinent is

Rule 803(8) regarding public records, which provides that a record of statement of a public office

setting out the office's activities, "a matter observed while under a legal duty to report" or factual

findings in a civil case from a legally authorized investigation and "neither the source of

information nor other circumstances indicate a lack of trustworthiness," Fed. R. Evid. 803(8)(A),

(B).  This exception is quite broad, embracing records in almost any form, Chandler v.

Roudebush, 425 U.S. 840, 863 n.39 (1976), and is designed to allow admission of official

12

records and reports prepared by agencies for purposes independent of specific litigation, United States v. Stone, 604 F.2d 922, 925 (5th Cir. 1979).

Here, the FEMA reports were made by government agencies, independent of this litigation on the City's applications to FEMA and the NYSEMO for disaster relief following the August 2009 rain.  There is no indication about the source of the underlying information or its trustworthiness to determine whether this hearsay exception applies, hence whether those reports are admissible for summary judgment purposes.  Thus, there is another **issue of material fact** to preclude summary judgment.

In addition, the parties have a disagreement as to the amount of rain that fell near the Hospital on August 9, 2009; this is also a **material issue of fact** that should preclude summary judgment.

B.      Duty to Provide Drainage

By establishing storm drainage, the issue is whether the City assumed a duty to operate and maintain that drainage system.

Both parties cite Carbonaro v. Town of North Hempstead, 31 Misc.3d 1213A, 929 N.Y.S.2d 198 (Sup. Ct. Nassau County 2011).  The City argues that it holds that defendant municipality was granted summary judgment dismissal of claims against it because a plaintiff could not establish the existence of a dangerous condition that the town noticed (Docket No. 24, Def. Memo. at 6).  Plaintiff, on the other hand, cites that decision for the proposition that if a municipality is aware of the inadequacies of its physical plant and injury results, the municipality must exercise ordinary care to prevent such consequences or otherwise face liability (Docket No. 27, Pl. Memo. at 16).

13

In Carbonaro, plaintiffs sued the Town of North Hempstead and Nassau County for personal injuries and property damages from flooding of their home due to the overflowing of sewers in their area, 31 Misc. 3d at 1213A, 929 N.Y.S.2d at 198.  They alleged negligent design and or maintenance of the storm water drainage and sewer system, id.  The court then held that municipalities are not liable for defects, errors, or want of judgment in devising a plan but, "if a municipality is aware of a plan's inadequacies and that injury may result from them, it must exercise ordinary care to prevent such consequences and is liable for failing to do so," id. (quoting Sgarlata v. City of Schenectady, 77 Misc. 2d 481, 353 N.Y.S.2d 603 (Sup. Ct. Schenectady County 1974)).  The court then stated that "otherwise, a municipality is not liable for constructing an insufficient sewer system since it is not required to install any sewer at all.  If a system is inadequate, there is an error in judgment committed in the exercise of a quasi-judicial determination, for which there is no redress [Beck v. City of N.Y., 23 Misc.2d 1036, 199 N.Y.S.2d 584 (Sup. Ct. Queens County 1960)].  But if a municipality undertakes to control the drainage and in doing so causes injury, it may be held liable for any damages sustained in the process [citing Goldstein v. Monroe County, 77 A.D.2d 232, 432 N.Y.S.2d 966 (4th Dep't 1980)]," id.  Thus, "mere evidence of flooding caused by a sewer system is insufficient to maintain an action for negligence against a municipality in the construction and maintenance of a sewer or drainage system," id. (citing Hongach v. City of N.Y., 8 A.D.3d 622, 779 N.Y.S.2d 559 (2d Dep't 2004)), there needs to be proof of negligence.  The court held that "in order to recover for negligent inspection and maintenance, plaintiffs must demonstrate that the municipality had notice of a dangerous condition, that the municipality failed to make reasonable efforts to inspect and repair the defect, and that such failure caused plaintiffs' injuries," id. (citing De Witt Props.,

14

Inc. v. City of N.Y., 44 N.Y.2d 417, 424, 406 N.Y.S.2d 16 (1978); Holmes v. Incorporated

Village of Piermont, 54 A.D.3d 809, 863 N.Y.S.2d 774 (2d Dep't 2008); Holy Temple First

Church of God in Christ v. City of Hudson, 17 A.D.3d 947, 794 N.Y.S.2d 465 (3d Dep't 2005)).

As for the maintenance claim, the court found that defendants had notice of the dangerous

conditions in the sewer system but plaintiffs failed to establish that defendants did not make

reasonable efforts to inspect and repair the defects, or that the alleged failure to cure the defects

was the cause of plaintiffs' injuries rather than the torrential rains, id.  The court concluded that

"in the absence of any evidence that the defendants failed to repair the defects of which it had

actual notice and knowledge and further that the failure to do so was the cause of plaintiffs'

injuries, defendants' motion for summary judgment dismissal of plaintiffs' claims of negligent

maintenance and repair are granted," Carbonaro, supra, 31 Misc.3d at 1213A, 929 N.Y.S.2d at

198.

   Thus, Carbonaro supports both parties' positions, although the result favors the City.  The

standard reiterated there--defendant municipality's notice of dangerous condition, the failure to

inspect and repair, and the failure being the cause of plaintiff's injury--requires plaintiff establish

notice and causation, or (for purposes of opposing defendant City's motion for summary

judgment) that issues of fact exists as to these elements.  As for notice, the City claims that it had

no prior written notice of any problems with that culvert prior to August 2009 (Docket No. 24,

Def. Atty. Aff. Ex. B, Jeffrey Lehman EBT Tr. at 62-65, Ex. E, Anthony Constantino EBT Tr at

40).  Plaintiff points to a study on water drainage in the 1990s commissioned by the Hospital that

was submitted to the City, including its engineer Jeffrey Lehman, that plaintiff argues put the

City on actual notice of the risk of flooding (Docket No. 27, Pl. Memo. at 11-12).  Plaintiff's

expert refers to a memorandum in 1996 from Tim Piotrowski, director of facility planning for the

Hospital, to Lehman and reports of Roger Harrower that the Hospital was in a low drainage area

(id., Ex. A, at 9 & n.15), but those reports were not included in plaintiff's opposition papers to

the pending motion and, from the expert's report that was presented, it only shows that the City

was on notice that the Hospital was sited in a low drainage area and not that there were any

obstructions in the existing drainage system that put the City on notice to maintain it.  Thus,

unlike Carbonaro, the City appears not to have been on notice of the deficiencies in maintaining

that drainage system.  But as was held in that case, id., "in the absence of any evidence that [the

City] failed to repair the defects of which it had actual notice and knowledge and further that the

failure to do so was the cause of [plaintiff's] injuries," the City's motion for summary judgment

(Docket No. 24) to dismiss plaintiffs' claims of negligent maintenance and repair **should be

granted** on this ground.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment

(Docket No. 24) be **granted** on the ground of negligent performance of its duty to maintain the

drainage system, **but denied on the other grounds asserted by defendant**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report &

Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the

Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk

of this Court within fourteen (14) days after receipt of a copy of this Report &**

16

Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).

FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 15, 2012

17